-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS J. HIRSCH,

             Plaintiff,

                                                                               DECISION AND ORDER
            -v-                                                        11-CV-6381-CJS-MWP

COUNTY OF MONROE, DISTRICT ATTORNEY'S
OFFICE; CITY OF ROCHESTER, ROCHESTER CITY
COURT and ROCHESTER POLICE DEPARTMENT
and STATE OF NEW YORK, NYS DEPARTMENT
OF MOTOR VEHICLES;

            Defendants.
_____

## INTRODUCTION

      Plaintiff Nicholas J. Hirsch filed a *pro se* action seeking relief under 42 U.S.C. § 1983 and other statutes (Docket No. 1) and then filed other submissions subsequent to his initial filing and prior to review of his complaint (Docket Nos. 5–15). Plaintiff claimed that the defendants, the County of Monroe District Attorney's Office, the City of Rochester Court, and Rochester Police Department, violated his constitutional rights when he was falsely arrested and maliciously prosecuted for charges which were subsequently dismissed or of which he was acquitted, and that defendants discriminated against him on the basis of a disability. Plaintiff also alleges (Docket No. 5), that while he was in custody pursuant to one of the arrests described above, he was not brought to a Department of Motor Vehicles ("DMV") hearing addressing tickets, and that although the DMV was informed by his counsel of his location of incarceration, the DMV failed to obtain his presence or adjourn the matter, and suspended his license. He also alleges that his license was suspended for failing to pay

a Driver Responsibility Assessment in the amount of $500 when he had attempted partial payment.

The Court granted Plaintiff permission to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed his claims against the judges, prosecutors, the State of New York and its agencies, the City of Rochester and the County of Monroe. However, the Court advised Plaintiff that the Eleventh Amendment bar did not apply to defendants sued in their individual capacities. The Court granted him permission to file an amended complaint "which includes the necessary allegations regarding his false arrests and malicious prosecution or suspension of his driver license claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rule of Civil Procedure." (Docket No. 17, at 9.) The Court further cautioned Plaintiff that,

> if he fails to file an amended complaint as directed, the complaint will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

(Docket No. 17, at 10.) The Court now reviews the amended complaint submitted in response to that Order.

## DISCUSSION

Preliminarily, plaintiff was already put on notice in the Court's Order of September 30, 2011, of the purposes for, and some of the consequences of ignoring, the Federal Rules of pleading:

> The Court notes that plaintiff has submitted a multitude of exhibits. To the extent that plaintiff has been granted permission to amend his complaint, if he chooses to amend, in each separate section addressing a certain claim, he may cite to a specific document he believes supports his claim. Plaintiff is

2

> cautioned that the federal rules of pleading require a short, plain, statement of his claim.[1] Fed. R. Civ. P. 8. If plaintiff attaches documents or exhibits that are confusing or so voluminous that the true nature of his claim cannot be discerned by the Court or answered by the defendants, he has defeated the purpose of seeking to have his claim addressed.

(Docket No. 17, at 9.) Plaintiff filed an amended complaint that largely disregards the above warning and ignores the Court's decision that he cannot, as a matter of law, maintain claims against the judges and prosecutors, the State of New York and its agencies, and the City of Rochester and the County of Monroe.

Plaintiff has added individual defendants and additional claims against new State agencies, but has generally failed to redraft his complaint in compliance with the Federal Rules of Civil Procedure of and the Court's Decision and Order of September 30, 2011. The Clerk of Court has not added the newly pled defendants' names to the Caption of the Amended Complaint because Plaintiff organized them in an outline form that the Court cannot interpret and that does not comport with the list format appropriate for a caption. In addition, the amended complaint is cobbled together in a Rube Goldberg fashion such that the Court cannot effectively review it as required by 28 U.S.C. § 1915(e)(2)(B), nor could a defendant properly answer it.

Plaintiff added names of individual defendants to his caption, while leaving the names of defendants against whom the Court told him he could not maintain claims.

---

[1] Rule 8 requires that a complaint include "a short and plain statement of the claim." The Second Circuit has discussed the application of Rule 8 pleading requirements following the United States Supreme Court decision in *Erickson v. Pardus*, 551 U.S. 89 (2007). See *Boykin v. KeyCorp*, 521 F.3d 202, 213 -214 (2d Cir. 2008). The Second Circuit noted that the Supreme Court "reiterated that '[s]pecific facts are not necessary,' and that the complainant 'need only give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Boykin*, 521 F.3d at 214 (quoting *Erikson*) (internal quotations omitted). "The statement should be short because '[u]nnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.'" *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (quoting 5 C. Wright & A. Miller, Federal Practice and Proc. § 1281, at 365 (1969)).

3

However, in the section of his complaint describing the defendants, he did not include the new individuals named, but, rather, included only the judges, prosecutors, agencies and municipalities whose claims the Court dismissed, along with a few new State and municipal agencies.

Plaintiff is hereby directed to closely read the Court Order entered September 30, 2011. He is granted one further opportunity to amend his complaint consistent with the Court's directions. Failure to amend his complaint in conformity with the Court's decision and directions may result in sanctions, including dismissal of his action.

- Plaintiff is directed to title his pleading "Second Amended Complaint."

- Plaintiff may not include in his Second Amended Complaint any defendants against whom the Court has decided he may not maintain a claim.[2]

- Plaintiff is further directed to follow the form provided by the Court for filing a civil suit.

- He may, of course, use a word processor to write his complaint, but must follow the format set out in the Court's form, to wit:

    **A. FIRST CLAIM:** On (*date of the incident*),

    defendant (*give the **name and (if relevant) the position held** of each defendant involved in this incident*) did the following to me (*briefly state what each defendant named above did*):

    The federal basis for this claim is: (State briefly **exactly** what you want the Court to do for you. *Make no legal arguments and cite no cases or statutes*):

**Plaintiff must follow the same format for each claim he is PERMITTED to bring, stating the facts that support his claim against that particular defendant.** Each claim must be

---

[2]Plaintiff has filed an interlocutory appeal challenging certain decisions of this Court. Unless those decisions are overturned by the Second Circuit Court of Appeals, they remain the "law of the case" and all parties are bound by them.

sequentially numbered, and each page must be numbered. Plaintiff is directed to stop filing copies of every letter, document or communication that relates to his potential claims; he will have an opportunity to present evidence of his claims if his action survives review. Plaintiff's almost daily filings are creating an unnecessarily voluminous file, in which it is almost impossible to discern what are pleadings and what are copies of exhibits which may be potentially relevant later in the case.

The Court has devoted an extensive amount of time to attempting to discern what, specifically, Plaintiff alleges specific defendants have done that he believes violate his rights in order to determine if the allegations fall within a claim over which this Court has jurisdiction, and if that claim is within the applicable statute of limitations period. Potential defendants are not obligated to parse his exceedingly confusing, repetitive and hyperbolic writing style in order to determine what is being alleged against them in order to answer the complaint.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's pleadings are not allowed to proceed until reviewed by the Court and directed to be served on the defendants. The Corporation Counsel for the City of Rochester is directed to refrain from answering plaintiff's pleadings unless or until directed to do so by the Court.

**Dismissal of Claims against the STATE OF NEW YORK: New York State Commission on Judicial Conduct; STATE OF NEW YORK: New York State Attorney Grievance Committee and the New York State Criminal Justice Services.**

The Court's Order of September 30, 2011, informed Plaintiff that the Eleventh Amendment prohibits claims for monetary relief under § 1983 against the states and their agencies. This applies equally to the three new agencies plaintiff has named as defendants: the New York State Commission on Judicial Conduct, the New York State Attorney

Grievance Committee and New York State Department of Criminal Justice Services. See, *McKeown v. N. Y. State Com'n on Judicial Conduct*, 377 Fed. Appx. 121, 123-124 (2d Cir. 2010) (dismissal of suit against the State of New York and, *inter alia*, the New York State Grievance Committee, Ninth Judicial District, and the New York State Commission on Judicial Conduct, based on the decisions to dismiss plaintiff's complaints as barred by the Eleventh Amendment.) In addition, in regard to the new allegations regarding individual attorneys, the decisions of the Grievance Committee attorneys not to initiate disciplinary proceedings against specific attorneys are protected by the doctrine of quasi-judicial immunity. *Id.* at 124 (New York State courts regard disciplinary proceedings as "judicial proceeding [s]" and determining that the state bar association's grievance committee acted as a quasi-judicial body and an arm of the Appellate Division). Plaintiff may not proceed against these agencies, departments and individuals on this basis.

## CONCLUSION

Plaintiff has failed to comply with the Order of this Court dated September 30, 2011, in that he has included defendants and claims the Court informed him he could not maintain, and has failed to amend his complaint as directed. He may have one opportunity to amend his pleadings, consistent with this Order, by **January 19, 2012.** Failure to amend his complaint consistent with this Order may subject Plaintiff to sanctions, including dismissal of his action.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff is granted leave to file a second amended complaint only as directed by the Court's September 30, 2011 Order and as directed above by **January 19, 2012**;

FURTHER, that the Clerk of the Court is directed to send to Plaintiff with this Order a copy of the original complaint, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event Plaintiff fails to file a second amended complaint as directed above by **January 19, 2012**, the amended complaint shall be dismissed with prejudice without further order of the Court;

FURTHER, that if Plaintiff has not filed a second amended complaint by **January 19, 2012**, the Clerk of the Court is directed to close this case as dismissed with prejudice; and

FURTHER, that in the event the complaint is dismissed because Plaintiff has failed to file an amended complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated: December 20, 2011
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge